UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRINA HALL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-02161-JST<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: ECF No. 76 |

Before the Court is Defendants' motion to dismiss the second amended complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 76. The Court will grant the motion with leave to amend.

## I.　BACKGROUND

The Court granted in part and denied in part Defendants' motion to dismiss Plaintiff Patrina Hall's first amended complaint. ECF No. 63. The Court denied the motion as to Hall's second and fifth causes of action alleging discrimination in the City's contracting and grant-funding processes and granted it in all other respects, with leave to amend as to certain claims. Id. at 14. Hall's timely filed second amended complaint ("SAC") names as Defendants the City and County of San Francisco; Brian Cheu, Director of Community Development; and Kevin Ian Kitchingham, Project Manager and Coordinator of City Property. ECF No. 67 at 7. The SAC alleges the following:

After being appointed to the Citizen's Committee on Community Development, Hall had an introductory meeting with Cheu on May 6, 2015. Id. at 8-9. Cheu told Hall that the City and County of San Francisco "did not acknowledge nor have a Negro (black) Community," and that the City "would not allow Patrina Hall, (personally as a private person) to procure government grant funding, nor secure employment opportunity with the City and County of San Francisco,

because Patrina is Negro (black)" and "was a slave descendant." Id. at 9, 10.

During the May 2015 meeting, Cheu also told Hall that she would not be allowed "to vote on Committee issues because she was Negro (black)." Id. at 9. Hall was treated differently from other committee members in multiple respects and at multiple times. For example, at a July 21, 2015 committee meeting, Cheu assigned Hall "a seat at the far end of the table all the way in the back of the room, away from himself and all other committee members, who are of different races than Patrina." Id. at 10-11. He did not include Hall in committee conversations and, when he called for votes, "refused to acknowledge that Patrina was in the room." Id. at 11. Cheu also did not include Hall in committee discussions on September 15, 2015. Id. When another committee member asked Cheu about Hall, Cheu whispered, "the hell with her." Id. Cheu again "refused to allow Patrina's input on committee discussion items" at an October 20, 2015 committee meeting, even though he "allowed every other committee member to give their opinion." Id. And he "refused to acknowledge Patrina's vote on committee agenda items" at a January 12, 2016 meeting. Id at 12. At other times, Cheu refused to give Hall a circulated flyer concerning committee business, gave her a crumpled up flyer, and snatched a meeting agenda from her hands. Id. at 12-13. From May 2016 through December 2016, Cheu failed to inform Hall of committee meeting dates and times. Id. at 14.

Hall met Kitchingham at a neighborhood meeting on March 8, 2016. Id. at 15. She asked him at that time about whether she could complete "an application to acquire city owned land" and also about grant funding. Id. He responded that the City and County of San Francisco "would not enter into a contract with her because she was Negro (black)." Id. At Hall's request, Kitchingham gave her "his business card and told her to call him and schedule an appointment." Id. She called him the following day and scheduled an appointment for March 24, 2015. Id. Two days later, Kitchingham called Hall to say that his son was sick and that he would call her to reschedule the appointment. Id. He never did. Id.

Hall brings race discrimination claims under Title VI, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. Id. at 16-17.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks and citation omitted). In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

Courts "construe pro se complaints liberally, especially in civil rights cases." Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014). "However, a liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id. (quoting Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (internal quotation marks and brackets omitted)).

## III. DISCUSSION

### A. Contracting and Grant Funding

The Court previously held that Hall has standing to pursue her discrimination claims relating to contracting and grant funding. ECF No. 63 at 9-10. Defendants now challenge whether Hall's allegations are sufficient to state a claim. In response, Hall included additional allegations in her opposition brief that were not included in the SAC.

Any allegations contained in Hall's opposition but not in the SAC cannot save the SAC

from dismissal. A court must limit itself to the allegations in the challenged pleading when analyzing a motion to dismiss, but "[f]acts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (citations omitted).

Nonetheless, particularly because Hall is proceeding pro se, the Court considers the allegations in her opposition to gain a more accurate understanding of why Hall believes Defendants are liable for allegedly discriminating against her, and to allow the Court to avoid ruling on issues not presented by this case. The opposition makes clear that Hall's claims rest on allegations that she applied for funding and was rejected based on race. ECF No. 83 at 6.[1] The Court therefore does not consider Defendants' argument that Hall must allege that she actually applied for grant funding or a contract – an allegation absent from the SAC. Likewise, Hall's opposition brief contains allegations that Cheu or Kitchingham had decision-making authority regarding grant funding or contracts.[2] ECF No. 83 at 2. The Court thus does not consider Defendants' arguments concerning discriminatory remarks made by non-decisionmakers. Instead, the Court allows leave to amend so that Hall can make her theory of liability clear in the complaint. When she files her third amended complaint, Hall should include her allegations that Cheu and Kitchingham had the power to grant or deny funding applications, as well as the allegations contained in her opposition brief regarding the submission of her application. The Court is unlikely to grant further leave to amend, so Hall should include in the third amended complaint all allegations she wishes to make regarding her claims of discrimination in contracting and grant funding.

**B.     Committee Participation**

Hall's third amended complaint should also make clear whether she asserts a claim based

---

[1] Hall filed two virtually identical opposition briefs. ECF Nos. 79, 83. The Court cites to the later-filed brief.

[2] Defendants argue that the allegations in Hall's opposition are too conclusory to state a claim for relief, but they do not suggest what additional factual allegations are required to support an allegation that an individual has the power to grant or deny an application for funding.

4

on alleged discrimination in committee participation, which was claim 3 in the first amended complaint. See ECF No. 11 at 13. As Defendants correctly observe, Exhibit B to the SAC indicates an intent to amend claims 2 and 5 from the first amended complaint. ECF No. 69. Those claims concerned allegations of discrimination in contracting and grant funding. ECF No. 11 at 12, 14. However, the SAC includes allegations concerning Cheu's treatment of Hall as a member of the Committee on Community Development. Hall alleges that Cheu told her she was not allowed to vote on committee matters because of her race, and that all other committee members were of a different race. She contends that Cheu would not acknowledge her at meetings and, for a seven-month period, did not inform her of the dates and times of committee meetings. While a finder of fact might ultimately conclude that Cheu did not act with discriminatory purpose, or that a reasonable person of Hall's race would not have found the circumstances to be hostile, Hall's allegations are sufficient to state a claim. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."); McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1115 (9th Cir. 2004) ("allegations of a racially hostile workplace must be assessed from the perspective of a reasonable person belonging to the racial or ethnic group of the plaintiff" in Title VII case); Cooper v. Cate, No. 1:10-CV-899 AWI DLB, 2011 WL 5554321, at *6 n.9 (E.D. Cal. Nov. 15, 2011) ("In Title VII and Equal Protection cases, courts apply the same standards for a hostile work environment." (citing Feingold v. New York, 366 F.3d 138, 158-59 (2d Cir. 2004); Williams v. Seniff, 342 F.3d 774, 791 (7th Cir. 2003)). If Hall seeks to make a claim for discrimination in committee participation, she should make that claim explicit in the third amended complaint.

### C. Former Defendant Emily Cohen

Defendants move to dismiss all claims against Emily Cohen. Although the first amended complaint named Cohen as a Defendant, the SAC does not. The Clerk shall therefore terminate Cohen as a Defendant. Hall may not assert any new claims against Cohen in the third amended complaint.

### D. Defendant City and County of San Francisco

Finally, the Court considers Defendants' motion to dismiss the City and County of San Francisco. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

Hall has not alleged the existence of any discriminatory policy or custom by the City. Although she has alleged that Cheu and Kitchingham expressed that the City had a policy of not awarding grants on the basis of race, that is not equivalent to alleging that the City actually had such a policy. Moreover, even if Hall had alleged that the City had a discriminatory policy, simply "recit[ing] the elements of a Monell claim" would be "plainly insufficient." Sternberg v. Town of Danville, No. 15-cv-01878-SI, 2015 WL 9024340, at *5 (N.D. Cal. Dec. 16, 2015).

Although Hall has twice amended her complaint, this is the first time she is on notice of this deficiency. The Court therefore dismisses Defendant City and County of San Francisco with leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Failure to cure the deficiencies in the third amended complaint may result in dismissal with prejudice. See Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." (citation omitted)).

### CONCLUSION

Defendants' motion to dismiss Hall's second amended complaint is granted with leave to amend. If Hall wishes to amend her complaint, she must file a third amended complaint within thirty calendar days of the date of this order. She need not file a motion for leave to file an amended complaint. If she fails to file a timely third amended complaint, this case will be dismissed with prejudice. The third amended complaint may not include any allegations against

former Defendant Cohen or any other new defendants, nor may it include any claims not discussed in this order.

**IT IS SO ORDERED.**

Dated: May 22, 2018



JON S. TIGAR
United States District Judge