UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRINA HALL,<br><br>    Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 17-cv-02161-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Re: ECF No. 96 |

Before the Court is Defendants' motion to dismiss the third amended complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 96. The Court will grant the motion in part and deny it in part.

## I. BACKGROUND

The Court dismissed Plaintiff Patrina Hall's first amended complaint ("FAC") in part and dismissed her second amended complaint ("SAC") in its entirety. ECF Nos. 63, 91. Hall timely filed a third amended complaint ("TAC"), which asserts four claims: (1) employment discrimination against Defendant City and County of San Francisco; (2) discrimination in grant funding against the City and Defendant Brian Cheu; (3) discrimination in committee participation against the City and Cheu; and (4) discrimination in contracting against the City and Defendant Kevin Kitchingham.[1] ECF No. 94 at 18-25.

Defendants move to dismiss all claims against the City and Kitchingham. ECF No. 96 at 7. They do not seek dismissal of claims against Cheu, and the Court therefore does not discuss the allegations against him in this order. *Id.* at 7 n.1.

---

[1] Hall also filed a notice of appeal of the Court's order dismissing the SAC with leave to amend. ECF No. 93. The United States Court of Appeals for the Ninth Circuit dismissed the appeal for lack of jurisdiction. ECF No. 100.

Hall alleges that the City has "a discriminatory policy of distributing social benefits, grant benefits and contracting benefits to Negors [sic], on the basis of individual racial classification. The City and County of San Francisco have, has created, implemented and executed a discriminatory policy that is the duplication of black codes." ECF No. 94 at 18 (citation omitted). "This discriminatory policy . . . excludes Negors [sic] (blacks) from the award of employment, the award of grant funding, and the award of contracts on the basis of race. City and County of San Francisco created, implemented and [executed] the discriminatory policy (black codes) necessary to refuse equal access to economic opportunities to Negros on the basis of race." *Id.*

With regard to her employment discrimination claim, Hall alleges that she told someone from the "San Francisco Human Resource Agency" that "she was 'Negro (black),'" and that the "human resource [supervisor]" told her "that the City and County of San Francisco hires black people according to their population of San Francisco's residency and that was 6%." *Id.* Hall "was then informed that she would not be hired as a probation officer assistant, because the City and County of San Francisco has met their 6% hiring [threshold] for black people." *Id.*

Hall alleges that she met Kitchingham, a "Project Manager and Coordinator of City Property Procurement Process" who "had the power to grant or deny contract applications," at a neighborhood meeting on March 8, 2016, and asked him at that time "if she could . . . complet[e] an application to acquire city owned land, and [for] grant funding." *Id.* at 2, 22-23. He responded "that the City and County of San Francisco, specifically would not enter into a contract with her because she was Negro." *Id.* at 23. At Hall's request, Kitchingham gave her "his business card and told her to call him and schedule an appointment." *Id.* She called him the following day and scheduled an appointment, but Kitchingham subsequently called to cancel the appointment. *Id.* Although Kitchingham told Hall that he would call her to reschedule, he never did. *Id.* at 23-24.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To

survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks and citation omitted). In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

Courts "construe pro se complaints liberally, especially in civil rights cases." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014). "However, a liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.* (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quotation marks and brackets omitted)).

### III. DISCUSSION

#### A. Employment Discrimination Claim

Hall's first claim alleges employment discrimination by the City – a claim that was dismissed from the FAC and not included in the SAC. ECF No. 63 at 8-9; ECF No. 67. When the Court dismissed the SAC, it ordered that "[t]he third amended complaint may not include any allegations against former Defendant Cohen or any other new defendants, nor may it include any claims not discussed in this order." ECF No. 91 at 6-7. "[W]here leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken." *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010); *see also Cover v. Windsor Surry Co.*, No. 14-CV-05262-WHO, 2016 WL 3421361, at *3 (N.D. Cal. June 22, 2016) (dismissing claim that "exceeds the scope of allowable amendment under my previous

3

1 order"). Moreover, the TAC fails to cure the deficiencies the Court identified when dismissing this claim from the FAC. *See* ECF No. 63 at 8-9 (dismissing for failure to exhaust and noting other pleading deficiencies). Accordingly, Hall's employment discrimination claim is dismissed. Because Hall has had multiple opportunities to amend this claim and has failed to do so adequately, dismissal is with prejudice.

**B.     Other Claims Against Defendant City and County of San Francisco**

As the Court explained when it dismissed the SAC, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, the government entity is liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* The Court dismissed the City from the SAC because "Hall has not alleged the existence of any discriminatory policy or custom by the City. Although she has alleged that Cheu and Kitchingham expressed that the City had a policy of not awarding grants on the basis of race, that is not equivalent to alleging that the City actually had such a policy." ECF No. 91 at 6.

The TAC cures that deficiency by alleging that the City has a "discriminatory policy that . . . excludes Negors [sic] (blacks) from the award of grant funding, and the award of contracts on the basis of race." ECF No. 94 at 19. However, as the Court advised Hall when dismissing the SAC, "even if Hall had alleged that the City had a discriminatory policy, simply 'recit[ing] the elements of a *Monell* claim' would be 'plainly insufficient.' *Sternberg v. Town of Danville*, No. 15-cv-01878-SI, 2015 WL 9024340, at *5 (N.D. Cal. Dec. 16, 2015)." ECF No. 91 at 6. "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The TAC's allegations are too conclusory to satisfy this test, and the claims against the City are therefore dismissed.

"A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir.

4

2013) (citation omitted). Having already advised Hall of the deficiencies of her claims against the City, as well as advising that "[f]ailure to cure the deficiencies in the third amended complaint may result in dismissal with prejudice," the Court denies leave to amend. ECF No. 91 at 6. Hall's claims against the City are dismissed with prejudice.

### C. Discrimination in Contracting Claim Against Defendant Kitchingham

When the Court granted in part and denied in part Defendants' motion to dismiss the FAC, it held that Hall has standing to pursue her discrimination in contracting claim and, in particular, rejected Defendants' position that, to survive a motion to dismiss, a complaint "must include detailed allegations of a plaintiff's qualifications, financing, and experience necessary to be able and ready to bid on a contract." ECF No. 63 at 9-10 (quotation marks and citation omitted). Defendants moved to dismiss this claim from the SAC for failure to state a claim. ECF No. 76 at 5-8. Because Hall's opposition brief contained different allegations than those included in the SAC, the Court allowed leave to amend the SAC "so that Hall can make her theory of liability clear in the complaint." ECF No. 91 at 4.

The TAC alleges that Kitchingham "had the power to grant or deny contract applications," and that he told Hall "that the City and County of San Francisco . . . would not enter into a contract with her because she was Negro." ECF No. 94 at 2, 23. The TAC does not allege that Hall actually applied for any contracts. *See id.* at 23-25.

These allegations are sufficient to survive a motion to dismiss. First, Kitchingham's alleged comment was more than a "stray remark" that is "unrelated to the decisional process." *Merrick v. Farmers Ins. Grp.*, 892 F.2d 1434, 1438 (9th Cir. 1990) (citation omitted). Hall alleges that she was told by a person with decision-making authority that she would not receive a contract because of her race. If proven, this would be direct evidence of discrimination. Second, given this allegation, Hall need not allege that she submitted a contract application that was rejected. In the employment context, "a person's failure to submit an application for a job does not inevitably and forever foreclose his entitlement to seniority relief under Title VII." *Int'l Bhd. of Teamsters v. U.S.*, 431 U.S. 324, 367 (1977). Instead, "[b]ecause he is necessarily claiming that he was deterred from applying for the job by the employer's discriminatory practices, his is the not

5

always easy burden of proving that he would have applied for the job had it not been for those practices." *Id.* at 367-68. "[L]egal principles guiding a court in a Title VII dispute apply with equal force in a § 1981 action." *Manatt v. Bank of Am., NA*, 339 F.3d 792, 797 (9th Cir. 2003). To prevail on this claim, Hall will therefore have to prove that she would have applied for a contract if Kitchingham did not deter her.[2] But "she need not have gone through the motions of formally submitting an application, only to be rejected, in order to file suit." *Hodge v. Oakland Unified Sch. Dist.*, No. C 09-04719 RS, 2012 WL 1933678, at *5 (N.D. Cal. May 29, 2012), *aff'd*, 555 F. App'x 726 (9th Cir. 2014). The motion to dismiss Hall's discrimination in contracting claim against Kitchingham is denied.

## CONCLUSION

Defendants' motion to dismiss Hall's third amended complaint is granted in part and denied in part. Hall's employment discrimination claim and all other claims against Defendant City and County of San Francisco are dismissed with prejudice. The motion to dismiss Hall's claim against Defendant Kevin Kitchingham is denied.

**IT IS SO ORDERED.**

Dated: December 17, 2018

JON S. TIGAR
United States District Judge

---

[2] As noted in the Court's order on Defendants' motion to dismiss the FAC, Hall will also need to prove that she was "able and ready" to compete for the contract. *Barnes-Wallace v. City of San Diego*, 704 F.3d 1067, 1085 (9th Cir. 2012).

6