UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRINA ROSE HALL,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>  Defendants. | Case No. 17-cv-02161-JST<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF No. 166 |

Before the Court is Defendants' motion for summary judgment. ECF No. 166. The Court will grant the motion.

## I.   BACKGROUND

Plaintiff Patrina Hall, who identifies as "Negro (black)," ECF No. 94 at 18, filed this race discrimination complaint against the City and County of San Francisco and several of the City's employees. After several rounds of motions to dismiss, the following claims from the operative third amended complaint remain in the case: (1) discrimination in grant funding against Defendant Cheu; (2) discrimination in committee participation against Cheu; and (3) discrimination in contracting against Defendant Kevin Kitchingham. *See* ECF No. 94 (third amended complaint); ECF No. 115 (order granting in part and denying in part Defendants' motion to dismiss third amended complaint). At the time of the alleged discrimination, Kitchingham served as "Project Manager for the Mayor's Office of Housing and Community Development." ECF No. 168 ¶ 1. Cheu was and continues to be the "Director of Community Development at the Mayor's Office of Housing and Community Development." ECF No. 173 ¶ 1. The Court discusses the facts underlying Hall's claims in more detail below.

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III. LEGAL STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if there is sufficient evidence "such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When deciding a motion for summary judgment, the court must draw "all justifiable inferences" in the nonmoving party's favor and may not weigh evidence or make credibility determinations. *Id.* at 255.

Where the party moving for summary judgment would bear the burden of proof at trial, that party "has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Where the party moving for summary judgment would not bear the burden of proof at trial, that party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party satisfies its initial burden of production, the nonmoving party must produce admissible evidence to show that a genuine issue of material fact exists. *Id.* at 1102-03. If the nonmoving party fails to make this showing, the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## IV. DISCUSSION

### A. Contracting and Grant Funding

Hall sought contracts and grant funding on behalf the Regional Housing Community Development Corporation ("RHCDC"), a nonprofit organization she co-founded. As a pro se plaintiff, Hall cannot pursue claims on RHCDC's behalf. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008). The parties do not brief the question of whether the alleged facts give

rise to claims by Hall on her own behalf. The Court does not decide this question, however, because even if Hall could pursue discriminatory grant funding and contracting claims on her own behalf, the claims would fail for the reasons discussed below.

Hall has presented evidence that she received a ride to a community meeting on March 8, 2016, which Cheu and Kitchingham also attended. ECF No. 172-2 at 1-4.[1] She has also presented evidence that she told others that she was unable to obtain grant funding and/or contracts from the City because of her race. ECF No. 172-3 at 3 ("Plaintiff Hall has stated that, the organization [RHCDC] is absent of a budget as a result of being denied grant funding and contract opportunities by the Mayor's Office of Housing and Community Development, based on her race and color."); ECF No. 172-4 at 1 (Hall "said to me 'I was excluded from getting a government contract and a grant because of my race.'"); ECF No. 172-5 at 1 ("Patrina mentioned to me that she did not qualify for grant funding and contracting opportunities with the City and County of San Francisco, because of 'her race and because she was black.'").

However, even assuming that this evidence were admissible and sufficient to establish that Defendants "impose[d] a discriminatory barrier making it more difficult for members of a group to obtain a benefit (such as a government contract), . . . a plaintiff seeking to challenge such a barrier must 'demonstrate that it is able and ready to bid on contracts.'" *Barnes-Wallace v. City of San Diego*, 704 F.3d 1067, 1085 (9th Cir. 2012) (quoting *Ne. Fla. Chap. of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993)); *see also* ECF No. 115 at 6 n.2 (reminding Hall that she would "need to prove that she was 'able and ready' to compete for the contract" to prevail on her contracting claim). To survive summary judgment, Hall must "set forth 'specific facts' demonstrating that [the alleged race discrimination] impeded [her] ability to compete" for the contracts and grants in question. *Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1187 (9th Cir. 2012) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

---

[1] Defendants object that none of the evidence submitted by Hall in opposition to the motion is admissible. For example, Defendants contend that the affidavits were not signed under penalty of perjury; the affiants lack personal knowledge; and the statements on which Hall relies are inadmissible hearsay. Except as noted in this order, the Court does not resolve these objections because it finds summary judgment to be proper even if the evidence is considered.

Hall has not met this burden because, like the plaintiff in *Braunstein*, she "has done essentially nothing to demonstrate that [s]he [was] in a position to compete equally" with other applicants. *Id.* at 1186 (quoting *Carroll v. Nakatani*, 342 F.3d 934, 942 (9th Cir. 2003)). She has not presented any evidence that RHCDC met the requirements for any of the challenged grants or contracts; to the contrary, the evidence establishes beyond dispute that it did not. For example, all of the grants and contracts in question required Section 501(c)(3) status from the Internal Revenue Service by the applicant or a fiscal sponsor, or that the applicant be a governmental entity, church, or religious organization. ECF No. 168 ¶ 30; ECF No. 173-5 at 7; ECF No. 173-6 at 6; ECF No. 173-7 at 6. RHCDC, however, has only Section 501(c)(4) status, and Hall admits that the organization had no fiscal sponsor. ECF No. 167-1 at 4, 20-21, 29-30, 35, 40; ECF No. 167-2 at 2. Nor is RHCDC a governmental entity, church, or religious organization. Similarly, the contracts that Hall argues she did not receive because of her race required applicants to have minimum levels of experience, including experience working in the targeted neighborhoods. ECF No. 168 ¶¶ 9-13, 16-21, 24-28. Hall admits that RHCDC lacks that experience. ECF No 167-1 at 24-25, 44-48. Likewise, all of the grants for which Hall alleges discrimination required a board of directors with at least seven members and "evidence of the ability to fundraise." ECF No. 173-5 at 7; ECF No. 173-6 at 7; ECF No. 173-7 at 6. Hall admits that RHCDC has only three members on its board of directors and no demonstrated ability to raise funds. ECF No. 173-1 at 10-18. In addition, neither Hall nor RHCDC was eligible to obtain any of the grants at issue because Hall was a member of the Citizen's Committee on Community Development and therefore had a conflict of interest. ECF No. 173 ¶ 17. In short, Hall has failed to show that she or RHCDC was able and ready to compete for any of the grants or contracts in question. The Court will therefore grant summary judgment to Defendants on Hall's claims based on race discrimination in grant funding and contracting.

### B. Committee Participation

Hall's remaining claim asserts race discrimination based on her participation on the City's Citizen's Committee on Community Development. Cheu "provided staff support" to that committee, on which Hall served from May 5, 2015, to February 23, 2017. ECF No. 173 ¶ 15.

4

Without citing any evidence, Hall contends that Cheu prevented her from voting on committee agenda items and that she was not informed of any meetings between May and November 2016. ECF No. 172 at 15. She specifically asserts, again without citing any evidence, that on January 12, 2016, Cheu "refused to acknowledge [her] vote on the approval of the prior meeting minutes, as well as in deciding the location to hold the announcement of grant awards to similarly situation individuals of a different protected classification, who were awarded grant funding at the grant award holding announcement." *Id.*

Cheu has submitted a declaration, supported by copies of minutes of all committee meetings that occurred during Hall's tenure, that there were no votes taken on which Hall's vote was not recorded. ECF No. 173 ¶ 18; ECF No. 173-8. The minutes for the January 12, 2016 meeting indicate that the only vote taken was for the approval of the prior meeting's minutes, which were "approved unanimously," thus implicitly recording Hall's vote in favor of approval. ECF No. 173-8 at 9-10. Cheu's declaration also states that there were no unscheduled committee meetings that excluded Hall, and that he is not responsible for communicating with committee members about upcoming meetings, a task handled by one of his colleagues. ECF No. 173 ¶ 19.

Hall has presented no admissible evidence to contradict any of the above. The only evidence Hall submitted on this claim is the purported affidavit of her minor child, who states: "I attended all of the committee's management meeting and witness Brian Cheu, totally disregarding Patrina's presents in at the committee table, as well as ignoring her votes. I witnessed all of Brian's discriminatory acts, and wanted to speak out in Patrina's defense, but I was afraid that Brian would physically attack my mother and I because he treated us unkind." ECF No. 172-6 at 2. This testimony is inadmissible because, among other reasons, it fails to "show that the affiant or declarant," who is a minor child of an unidentified age, "is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Moreover, even if Hall could establish that meetings were held without her knowledge or that not all of her votes were recorded, she has failed to present any evidence that these actions were based on her race. Accordingly, the Court will also grant summary judgment to Defendants on Hall's claim based on race discrimination in committee participation.

**CONCLUSION**

Defendants' motion for summary judgment is granted in its entirety.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  February 26, 2020



JON S. TIGAR
United States District Judge