**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRINA HALL, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> EMILY COHEN, <br><br> Defendant. | No. 20-15319 <br><br> D.C. No. 4:17-cv-02161-JST <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted June 21, 2021**

Before: SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Hall's request for oral argument, set forth in the opening and reply briefs, is denied.

Patrina Hall appeals pro se from the district court's summary judgment in her action alleging federal discrimination claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Smith v. Almada*, 640 F.3d 931, 936 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment on Hall's claims regarding contracting and grant funding because Hall failed to raise a genuine dispute of material fact as to whether she was able and ready to compete for the contracts and grants at issue. *See Barnes-Wallace v. City of San Diego*, 704 F.3d 1067, 1085 (9th Cir. 2012) (to establish standing, a plaintiff seeking to challenge a discriminatory barrier making it more difficult for members of a group to obtain a benefit, such as a government contract, must demonstrate that they were able and ready to bid on the contract at issue).

The district court properly granted summary judgment on Hall's claims regarding participation in committee meetings because Hall failed to establish a prima facie case of discrimination or raise a genuine dispute of material fact as to whether discriminatory intent existed. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973) (setting forth burden-shifting framework under which plaintiff bears the initial burden to establish a prima facie case of discrimination); *Rashdan v. Geissberger*, 764 F.3d 1179, 1182 (9th Cir. 2014) (applying *McDonnell Douglas* burden-shifting framework to disparate treatment claims

under Title VI); *Navarro v. Block*, 72 F.3d 712, 716 (9th Cir. 1995) ("[T]he Equal Protection Clause requires proof of discriminatory intent or motive.").

We do not consider Hall's employment discrimination claim against defendant Cohen because Hall failed to replead it in her operative complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc) (claims dismissed with leave to amend are waived if not repled).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**